United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY VANESSA GAMEZ LABRADOR,<br>Petitioner,<br>v.<br>TODD BLANCHE, *et al*.,<br>Respondents. | Case No. 1:26-cv-06374 (EJD)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. Nos. 1, 2 |

Petitioner filed a Petition for Writ of Habeas Corpus (Dkt. No. 1) and motion for a temporary restraining order (Dkt. No. 2) seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). Petitioner raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Fleeing Venezuela, Petitioner entered the United States on September 16, 2022, and was taken into custody by the Department of Homeland Security ("DHS"). Dkt. No. 1 ¶ 3; Dkt. No. 6-2 at 2. On September 19, 2026, Petitioner was released from custody and paroled into the country pursuant to 8 U.S.C. § 1182(d)(5)(A). Dkt. No. 1 ¶ 3; Dkt. No. 6-2 at 3. After her release, Petitioner timely filed an affirmative asylum application with USCIS in 2023, attended a biometrics appointment shortly thereafter, and obtained work authorization. Dkt. No. 1 ¶ 4. She was also placed in the "Alternatives to Detention" program and claims to have attended all scheduled appointments and has no criminal history—a contention which Respondents do not dispute. *Id*. On July 28, 2026, ICE officers detained Petitioner during a scheduled ICE check-in. *Id*. ¶ 5; Dkt. No. 6-3 at 2.

Many prior orders within this district and throughout the Ninth Circuit are dispositive on the issues raised in the Petition and motion for a temporary restraining order. *See, e.g.*, *Fernandez*

United States District Court
Eastern District of California

*Lopez v. Wofford*, No. 1:25-CV-01226-KES-SKO (HC), 2025 WL 2959319 (E.D. Cal. Oct. 17, 2025); *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025); *Marin v. Warden of Golden State Annex*, No. 1:26-CV-04316 (VC), 2026 WL 1871026 (E.D. Cal. June 29, 2026); *Maldonado Rojas v. Warden of the Golden State Annex*, No. 1:26-CV-04315-NW, 2026 WL 1871025 (E.D. Cal. June 29, 2026); *Ji v. Noem*, No. 1:26-CV-01186-DJC-CSK, 2026 WL 485287 (E.D. Cal. Feb. 20, 2026); *Noori v. LaRose*, 807 F. Supp. 3d 1146 (S.D. Cal. 2025); *Rodriguez Cabrera v. Mattos*, 808 F. Supp. 3d 1159 (D. Nev. 2025). For the reasons stated in those cases, Petitioner is entitled to relief. Respondents did not provide Petitioner with notice and an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, prior to revoking her release. Petitioner has a clear liberty interest in her continued freedom. *See R.A.N.O.*, 820 F. Supp. 3d at 1103 (finding protected liberty interest where petitioner was previously released on parole under § 1182(d)(5)(A)). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), the Court finds that Petitioner has a substantial private interest in maintaining her out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

The Court issued an order to show cause on August 11, 2026 directing Respondents to indicate whether there are any factual or legal issues in this case that render it distinct from prior cases addressing similar issues. *See* Dkt. No. 5 (citing *Simon v. Warden, Cent. Valley Annex*, No. 1:26-CV-05030 (EJD), 2026 WL 1992936 (E.D. Cal. July 9, 2026); *Palacios Ortega v. Chestnut*, No. 1:26-CV-04151 (EJD), 2026 WL 2130161 (E.D. Cal. July 23, 2026); *Romain v. Warden, Central Valley Annex*, No. 1:26-CV-04154 (VC), 2026 WL 2130249 (E.D. Cal. July 23, 2026); *Kumar v. Warden, Golden State Annex*, No. 1:26-CV-04109 (EJD), 2026 WL 2163563 (E.D. Cal. July 27, 2026)). Respondents filed an opposition on August 12, 2026, arguing that Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b)(2). Dkt. No. 6 at 1. This argument has been rejected by countless courts throughout this circuit, and the Court does the same here. *See, e.g.*, *R.A.N.O.*, 820 F. Supp. 3d at 1103 (explaining that Petitioner still retained a

United States District Court
Eastern District of California

protected liberty interest, and was entitled to due process when re-detaining petitioner); *Fernandez Lopez*, 2025 WL 2959319 at *4 (similar); *Rodriguez Cabrera*, 808 F. Supp. 3d at 1169 (noting that courts have overwhelmingly rejected this application of § 1225); *Noori*, 807 F. Supp. 3d at 1168 (finding § 1225 inapplicable because petitioner was no longer an "arriving alien" and had been paroled into the country).

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is GRANTED. Respondents are ORDERED to immediately release Petitioner from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present. This Order does not address the circumstances under which Respondents may re-detain Petitioner if she becomes subject to a final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: August 17, 2026

EDWARD J. DAVILA
United States District Judge